IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEON DAVIS (B-40639), | ) | |
| *Plaintiff,* | ) | Case No. 1:20-cv-04683 |
| v. | ) | Hon. Mary M. Rowland |
| ACTING WARDEN NICHOLAS, ET AL., | ) | |
| *Defendants*. | ) | |

**MOTION FOR RELIEF FROM APPOINTMENT**

CHRISTOPHER R. JOHNSON, undersigned counsel appointed to represent Plaintiff in the above matter, hereby moves this Court, pursuant to Local Rule 83.38, for relief from the Court's order of appointment in this matter and in support thereof states as follows:

1. On July 10, 2020, Plaintiff, DEON DAVIS, filed the present Complaint against Defendants, some of whom were terminated on or about September 22, 2020.

2. On September 24, 2020, this Court terminated the appointment of Plaintiff's initial appointed counsel. On September 28, 2020, this Court entered an order appointing undersigned counsel as counsel for Plaintiff.

3. Pursuant to Local Rule 83.11(g), members of this Court's trial bar are required to be available for appointment by the court to represent or assist in the representation of those who cannot afford to hire a member of the trial bar.

4. Pursuant to Local Rule 83.38(a), undersigned counsel hereby requests to be relieved of this Court's order of appointment. Local Rule 83.38(a) allows the Court to relieve counsel of an order of appointment on specified grounds or on such other grounds as the appointing judge finds adequate for good cause shown.

5. Local Rule 83.38(a)(4) allows relief from appointment where counsel lacks the time necessary to represent the party because of the temporary burden of other professional commitments involved in the practice of law. Undersigned counsel also requests relief from the appointment on this basis. Because of the ongoing COVID-19 public health emergency, undersigned counsel has not been to his law firm's office since early March 2020, a period of over seven months. Undersigned counsel does not currently have a specific date to return to working in the office. Undersigned counsel has been working from full-time from home since March 2020, and the burdens of handling current client matters and existing commitments, including a matter recently appealed to the Appellate Court of Illinois, First District, especially under the difficulties presented by the present unique situation, prevent counsel from having the necessary time to commit to learning this new area of the law and vigorously representing Plaintiff in this matter. Undersigned counsel and his spouse have two daughters at home, a two-year-old and five-month-old. Older relatives of undersigned counsel are assisting in the caretaking of the children, and undersigned counsel is attempting to minimize exposures to public settings or other settings carrying a heightened risk of exposure to COVID-19. Like many others during the current public health emergency, undersigned counsel is attempting to balance childcare commitments and professional obligations. These temporary factors combine to prevent undersigned counsel from having the necessary time to provide Plaintiff with the full and vigorous representation he deserves.

6. Local Rule 83.38(a)(2) allows relief from appointment where counsel is not competent to represent the party in the particular type of action assigned, in the appointed counsel's opinion. In appointed counsel's opinion, this subsection applies in this matter. Undersigned counsel's current area of practice is devoted almost exclusively to real estate-related matters. Undersigned counsel has never represented a prisoner in a civil action for

damages against a warden and officers of a correctional facility. Undersigned counsel has very little familiarity with the areas of law at issue, including a prison's obligation to grant the requests made by Plaintiff or similarly situated prisoners. Undersigned counsel recognizes that the nature and purpose of the *pro bono* appointment program would often require attorneys to practice in areas outside of their regular caseload. Undersigned counsel attended a session of the "Anatomy of a Prisoner Civil Rights Case" offered at the U.S. District Courthouse on April 11, 2019, in an attempt to become more familiar with these types of cases. Nevertheless, at the current time, in his opinion, undersigned counsel would be woefully unprepared to meet the high standard of representation that Plaintiff deserves, especially in light of any potential statute of limitations issues in identifying the "John Doe" defendants named in the Complaint.

7. For the above reasons, undersigned counsel respectfully and humbly requests that this Court find that good cause exists to enter an order for relief from appointment in this matter.

WHEREFORE, CHRISTOPHER R. JOHNSON, undersigned counsel appointed to represent Plaintiff in the above matter, hereby respectfully requests that this Court enter an order for relief from appointment in this matter pursuant to Local Rule 83.38; and granting any further relief this Court deems necessary and just.

Dated: October 21, 2020

Respectfully Submitted,

/s/ Christopher R. Johnson

Christopher R. Johnson (ARDC #6304827)
Cary G. Schiff & Associates
134 N. LaSalle St., Suite 1740
Chicago, IL 60602
Telephone: 312-419-1130
Facsimile: 312-419-9130
E-mail: caryschiff@cgschifflaw.com