IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEON DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 20 CV 4683 |
| | ) | |
| | ) | |
| NICHOLAS LAMB, et al. | ) | Hon. Judge Rowland |
| | ) | U.S. Dist. Judge |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS' MOTION TO RECONSIDER</u>**

William Brown, Sherwin Miles, Terrell Pork, and Nicholas Lamb, ("Defendants"), by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, respectfully move, pursuant to FRCP 60(b)(6), for reconsideration of the Court's December 21, 2023 MINUTE entry directing Defendants to pay Plaintiff's counsel for their fees for the deposition time of Defendant Miles, and state the following:

INTRODUCTION

On December 21, 2023, the parties conducted a pretrial conference before the Honorable Mary M. Rowland. ECF No. 131. During this conference, the parties presented a proposed Joint Pretrial Order, which included ten (10) motions *in limine* proposed by Plaintiff's counsel and five (5) motions *in limine* proposed by Defendants' counsel. Plaintiff's motion *in limine* No. 8 requested that the Court exclude testimony from both Defendants Sherwin Miles and William Brown, arguing that Plaintiff sought, but was denied, the opportunity to depose them, and as such, Defendants should "not be rewarded for failing to comply with their discovery obligations." ECF No. 116 at p. 11.

Counsel for Defendants objected to this motion during the pretrial conference. Counsel for Defendants set forth the grounds for their objection, but the Court ultimately reserved ruling on motion No. 8, ordering Defendants' counsel to make Defendant Miles available for a deposition at Plaintiff's counsel's law firm on a date selected by Plaintiff's counsel. The order goes on to direct Defendants to pay Plaintiff's counsel for their fees for the deposition time, not the preparation time, and that in the event Defendant Miles fails to attend said deposition, she will not be permitted to testify at trial. ECF No. 131. Defendants therefore respectfully request that this Court reconsider its order granting Plaintiff's counsel the fees incurred with taking Defendant Miles' deposition, taking into account the following facts and arguments which were unknown and/or unrepresented to the Court prior to its ruling.

## LEGAL STANDARD

Motions to reconsider are appropriate under rare circumstances such as "a controlling or significant change in the law or facts since the submissions of the issues to the Court." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.* 123 F.R.D. 282, 288 (N.D. Ill. 1988). A motion to reconsider may also be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Murray v. GMAC Mortg. Corp.*, 532 F. Supp. 2d 938, 940 (N.D. Ill. 2007), aff'd, 274 Fed. Appx. 489 (7th Cir. 2008).

## ARGUMENT

Defendants' counsel's argument rests on the fact that, after the conclusion of the discovery phase, Plaintiff's counsel filed a Motion to Compel Defendants to (1) produce documents and information responsive to the outstanding discovery requests that Plaintiff served back in July of 2021; to (2) make Defendants Miles and Brown available for depositions, which were noticed

2

back in December of 2021; and to (3) make available a corporate representative of IDOC consistent with a Rule 30(b)(6) subpoena that Plaintiff's counsel served upon IDOC in November of 2021. ECF No. 55. Plaintiff's counsel argued that they had repeatedly advised Defendants' counsel that a number of discovery requests remained outstanding and that the sought-after materials were relevant to Plaintiff's prosecution of his case. *Id.* at p. 6.

Both parties appeared before Magistrate Judge Jeffrey Cole for a video status conference on January 4, 2022, during which they were directed to conclude fact discovery by February 1, 2022, which is when all parties would reconvene for further conference before the Judge. Plaintiff's counsel then filed an unopposed motion for extension of the fact discovery deadline, which was also granted by Judge Cole. ECF No. 46. The new deadline was then set for February 28, 2022. Judge Cole made mention that despite the granting of that second extension, motions for extensions filed on the last day of the discovery deadline are often deemed untimely and rejected. ECF No. 47.

Plaintiff's counsel next filed a Motion to Compel on March 17, 2022, requesting the Judge to enter an order compelling Defendants to produce discovery materials and Defendants Miles and Brown for depositions, as well as compelling IDOC to produce a 30(b)(6) representative for deposition purposes. ECF No. 55 at p. 7. Plaintiff did not request fees. Judge Cole denied the Motion to Compel as untimely, stating that it was filed two and half weeks after the discovery deadline had passed.

In fact, Judge Cole cited to Plaintiff's January 31, 2022 motion for extension of the fact discovery deadline, pointing out that Plaintiff not only provided no reason as to why he did not file the motion prior to the close of discovery, but that he conceded he was aware of the situation and of the discovery deadline for quite some time. ECF No. 55, Pars. 15-17. Plaintiff did not

3

move under FRCP 72 to object to Judge Cole's decision. Under Rule 72(a) "A party may not assign as error a defect in the order not timely objected to." Rule 72(a). Yet this is exactly what Plaintiff has done.

Additionally, this Honorable Court has provided no reasoning or rationale for its *sua sponte* punitive award of attorneys' fees. Pursuant to Rule 37(b)(2)(C), a "court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expense, including attorney's fees, *caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis added). Simply put, the timing of Defendant Miles did not cause Plaintiff to expend attorneys' fees for her deposition. Perhaps it would be reasonable to order any fees for expediting a transcript as those costs could be traced to the delay in presenting Defendant Miles, but the fees related to her deposition would have been incurred regardless of Defendant Miles' conduct. Further, Fed. R. Civ. P. 37(b)(2) provides that a district court "may" impose various sanctions on a party who fails to comply with a court order, including the striking of portions of pleadings. See, e.g., *Brandt v. Vulcan, Inc.,* 30 F.3d 752, 755 (7th Cir. 1994). Sanctions under Rule 37(b) may only be imposed where "a party displays 'willfulness, bad faith, or fault.'" *Langley v. Union Elec. Co.,* 107 F.3d 510, 514 (7th Cir. 1997) (quoting *Philips Medical Sys. Int'l, B.V. v. Bruetman,* 982 F.2d 211, 214 (7th Cir. 1992)). "Fault" does not mean the non-complying party's "subjective motivation;" instead, it "only describe[s] the reasonableness of the conduct -- or lack thereof-- which eventually culminated in the violation." Id. (quoting *Marrocco v. General Motors Corp.,* 966 F.2d 220, 223 (7th Cir. 1992)). As discussed above, Judge Cole denied Plaintiff's motion to compel and arguably there is no basis for sanctions at all.

Defendants of course concede the obvious importance of Plaintiff deposing Defendant Miles. Defendants appreciate the reasonableness of requiring Ms. Miles be presented or barred. However, in light of Judge Cole's ruling denying this exact relief, Plaintiff's own lack of compliance with the Federal Rules of Civil Procedure, and most importantly, the complete lack of any causal nexus between the attorneys' fees for Ms. Miles' deposition and her conduct, this Honorable Court should reconsider ordering attorneys' fees.

WHEREFORE, Defendants respectfully request that the Court reconsider its December 21, 2023 order and relieve Defendants of the responsibility of paying Plaintiff's counsel for their fees for the deposition time of Defendant Sherwin Miles, and for any other relief this Court deems just and proper.

Date: January 9, 2024

                                      Respectfully submitted,

| | |
|---|---|
| Kwame Raoul<br>Attorney General of Illinois | /s/ *Huda Khan*<br>Huda Khan<br>Assistant Attorney General<br>115 S. LaSalle Street<br>Chicago, IL 60603<br>312-446-1286<br>huda.khan@ilag.gov |

CERTIFICATE OF SERVICE

      The undersigned certifies that on <u>January 9, 2024</u>, she electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

      /s/ *Huda Khan*
      Huda Khan
      Assistant Attorney General
      115 S. LaSalle Street
      Chicago, IL 60603
      312-446-1286
      huda.khan@ilag.gov